

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-7079
Re: Would the trial judge be
entitled to the statutory
fee provided under Sec. 1052,
C.C.P., in the cases in ques-
tion in which the accused was
discharged?

We quote from your letter of January 25, 1946:

"On the 24th day of November, 1945, the local
Game Warden, at the request of the Game, Fish, and
Oyster Commission, filed in the Justice Court, Pre-
cinct No. 1, Jefferson County, Texas, nine cases
against one R. Meyers charging him with offering
for sale and having in his possession for the pur-
pose of sale pelts of wild otter, in violation of
the Game Laws of Texas. The complaints in these
cases were drawn in the County Attorney's Office.
These cases were set down for trial for January 9,
1946, and on this date the attorney for the defend-
ant filed a motion in each case to quash. A copy
of the motion which was filed in each case is at-
tached to this letter. This motion in each in-
stance was sustained and accused discharged.

"It is the contention of the trial judge that
in each of these cases, he is entitled to the statu-
tory fee provided under Section 1052 C.C.P., since
the action taken in each instance amounts to a final
disposition of the matter, thereby bringing to an
end the trial of each case. In support of this con-
tention the case of Richardson vs. State, 4 S. W. (2d)
79, is cited.

"We respectfully request your opinion in this
regard."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Shelby M. Long - Page 2

Article 1052 of our Code of Criminal Procedure, as amended in 1929, reads:

"Three Dollars shall be paid by the county
to the County Judge, or Judge of the Court at Law,
and Two Dollars and fifty cents shall be paid by
the county to the Justice of the Peace, for each
criminal action tried and finally disposed of be-
fore him. Provided, however, that in all counties
having a population of 20,000 or less, the Justice
of the Peace shall receive a trial fee of Three
Dollars. Such Judge or Justice shall present to
the Commissioners' Court of his county at a regu-
lar term thereof, a written account specifying
each criminal action in which he claims such fee,
certified by such Judge or Justice to be correct,
and filed with the County Clerk. The Commissioners'
Court shall approve such account for such amount
as they find to be correct, and order a draft to
be issued upon the County Treasurer in favor of
such Judge or Justice for the amount so approved.
Provided the Commissioners' Court shall not pay
any account or trial fees in any case tried and
in which an acquittal is had unless the State of
Texas was represented in the trial of said cause
by the County Attorney or his assistant, Criminal
District Attorney or his assistant, and the cer-
tificate of said Attorney is attached to said ac-
count certifying to the fact that said cause was
tried, and the State of Texas was represented,
and that in his judgment there was sufficient
evidence in said cause to demand a trial of same."

We think the decision of the Court of Criminal Appeals
of Texas in the case of Richardson v. State, cited by you, is
decisive of the question here presented. In that case the court
said:

". . . The contention is made, as we under-
stand it, that the Judge's fee is directly de-
pendent upon an actual trial and disposition of
cases in his court, and therefore a motion to
quash an information or indictment before him,
if sustained, results necessarily in his not-

Honorable Shelby F. Long - Page 3

receiving compensation; whereas, if same is
overruled, and the case actually tried and
disposed of, he will receive a fee of $3
under article 1052, C.C.P. 1925 . . . . . ."

" . . . .

"There might be such issues tried and
disposed of in a motion to quash as would
amount to a final disposition and trial of a
case and discharge of the accused. We can see
no reason to doubt that in such a case the
county judge would be entitled to his fee, pay-
able, however, by the county . . . . ."

The copy of motion to quash enclosed with your
letter shows that the two grounds of the motions to quash
the complaints were: first, that the act under which the
prosecutions were brought was unconstitutional in that the
caption thereof was defective; and second, that said act
was unconstitutional in that it embraced more than one sub-
ject. The motions to quash were sustained. These are, in
our opinion, "such issues tried and disposed of in a motion
to quash as would amount to a final disposition and trial
of a case and discharge of the accused."

It is therefore our opinion that the Justice of the
Peace is entitled to collect from the county his trial fees
in said cases, in accordance with the provisions of said Ar-
ticle 1052, C.C.P.

This opinion, however, is limited to the state of
facts presented in the instant cases, and on the assumption
that the precinct officers of Jefferson County are compensated
on a fee basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

APPROVED
OPINION
COMMITTEE
BY BWT
CHAIRMAN